## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **BARTLEY M. MULLER, JR.,** and **JILL MCKENZIE,** individually and on behalf of all others similarly situated,<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>**AMERICAN EAGLE OUTFITTERS, INC.,**<br><br>　　　　　Defendant. | 2:19cv1278<br>**Electronic Filing** |

### MEMORANDUM ORDER

AND NOW, this 24th day of September, 2020, upon due consideration of 1) defendant's motion to dismiss and the parties' submissions in conjunction therewith and 2) the Report and Recommendation of the Magistrate Judge addressing the same and the parties' submissions in conjunction therewith, and after *de novo* review of the record, IT IS ORDERED that [17] defendant's motion to dismiss be, and the same hereby is, denied.  The [27] Report and Recommendation of the Magistrate Judge as augmented herein is adopted as the opinion of the court.

Defendant's objections are without merit.  As aptly noted by the Magistrate Judge, the Amended Complaint plausibly sets forth a claim for relief and it contains a prayer asking for a form of relief available under the ADA.  This meets the requirements of notice pleading under Rule 8(a).  See Jones v. Giant Eagle, 2019 WL 4743688, *3 (W.D. Pa., September 30, 2019 ("The applicable federal pleading standards require a party to set forth a plausible showing of entitlement to relief pursuant to a cognizable theory of recovery.  They do not require a plaintiff

to meet a quantum of proof.  A plaintiff meets the pleading standards by advancing factual allegations that present a plausible showing that each element of the claim is or reasonably can be expected to be satisfied.)  (citing Fowler v. UPMC Shadyside, 578 F.3d 203, 212-213 (3d Cir. 2009) ("It is axiomatic that the standards for dismissing claims under Federal Rule of Civil Procedure 12(b)(6) and granting judgment under either Federal Rule of Civil Procedure 50 or Federal Rule of Civil Procedure 56 are vastly different.").  Beyond this, the appropriateness and scope of any injunctive or other relief that the court might choose to award to either party at the conclusion of the case is dependent upon the ultimate development of the record.  Cf., id. ("undertaking a truncated assessment of plaintiffs' recoverable damages is not warranted at the pleading stage.").  The court's determinations as to the comprehensiveness of such relief will be governed by Rule 54(c) and it need not parse through the specific components of the amended complaint's prayer for relief or the defendant's responsive pleadings and answers to determine with precision the boundaries of such relief at this juncture.  It suffices to note that the court is well aware of the boundaries that Congress established in passing the ADA and each party can presume with confidence that 1) it will have an opportunity to address those boundaries at the appropriate juncture before a decree or other form of relief is entered and 2) the court will not fashion a form of relief that it believes is beyond those boundaries.  Consequently, defendant's motion to dismiss properly has been denied.

                                                   s/David Stewart Cercone
                                                   David Stewart Cercone
                                                   Senior United States District Judge

cc: The Honorable Maureen P. KELLY,
United States Magistrate Judge

R. Bruce Carlson, Esquire
Thomas M. Pohl, Esquire

(*Via CM/ECF Electronic Mail*)